Bissell, P. J.,
delivered the opinion of the court.
The most troublesome of the many questions which this record presents will be left unsolved, for the decision can be safely rested on the application of a well established principle. To prevent any possible misconstruction, and to rebut any possible inference on this matter, the court desires expressly to state that it has not considered, and does not determine, the sufficiency and legality of the present proceedings to enforce the supposed liability of a stockholder upon his unpaid subscription. As is well understood by the profession, the remedy in these cases has been a matter of much discussion among the courts. The law on this subject is in a .very unsettled condition, and it cannot be said to be at present clear, where no statute regulates the remedy, whether the proceedings should be at law or in equity, nor by whom the suit should be brought, nor whether one or all of the subscribers should be before the court. But since we conclude that in no event could Sopris be held liable, it is better to rest the opinion upon that irrefragable basis than to enter this disputed territory, and attempt by reason and on precedent to settle it.
As a general proposition, it maybe safely stated that every subscription to the stock of a corporation not yet organized is subject to whatever expressed conditions maybe contained in the contract, and to the implied condition that all of the stock shall be subscribed before any particular subscription
*195 becomes operative, wherever the total amount of stock and the number of shares are stated in the subscription contract. The whole amount of the capital stock provided for must be secured by a bona fide subscription enforceable as against the individual subscribers, unless there is some clear provision in the contract which will except it from the operation of this general doctrine. The basis of this implied condition has been variously stated, but never more strongly or more satisfactorily than in the mill case below cited. In that case the chief justice said: “ This question goes deep into the interests of those who embark in projects of improvement with the right to calculate upon a certain capital, and on their own liability to contribute towards raising it. If with the expectation of five hundred associates, or shares in that proportion,those who represent two hundred can assemble, and agree to carry on the whole work, by a major vote of that number, and assess themselves and the rest, and these doings are binding on the minority, the effect-will be to discourage such enterprises, and subscriptions to objects, which from their nature must be of doubtful success, will cease. A man may be willing, from public motives alone, to take-his chance upon a limited proportion of five thousand shares of a capital stock, and altogether unwilling to adventure upon half that number ; and if he secure himself by the terms of his subscription, he cannot be bound beyond it by a major vote of those who may choose to persist in the adventure under discouraging circumstances.” This argument, that all subscriptions are on the implied understanding, which is both just and reasonable, that the subscriber is to be aided by the other subscriptions to the full extent of the capital stock, underlies all the decisions. The subject has undergone exhaustive discussion in many cases, and the various reasons which have been assigned in support of the doctrine need not be stated. This doctrine commends itself to the common judgment of people who are engaged in such enterprises, and is adequately supported by what has already been suggested. The authorities supporting it are both numerous and conclusive. Salem Mill *196 Dam Corporation v. Ropes, 6 Pick. 23; The P. & R. I. R. R. Co. v. Preston, 35 Iowa, 115; Bray v. Farwell, 31 N. Y. 600; Temple v. Lemon, 112 Ill. 51; Steamboat Co. v. Sewall, 80 Me. 400; Ridgefield & N. Y. R. R. Co. v. Reynolds, 46 Conn. 375; Livesey v. Omaha Hotel, 5 Neb. 50; Cook, Stock & Stockholders, § 176, et seq.
It must be conceded that some exceptions have been en-grafted upon the rule. These exceptions, however, always rest upon the terms of the contract to which the subscriber has affixed his name; as in the case of Railroad Co. v. Kinsman, 77 Me. 370, where there was an express promise to pay to which no condition was affixed, and the contract itself contained no statement of the number of shares or the amount of the capital from which the implied condition could be derived. It will be found that wherever there has been a departure from this well settled rule, the reason therefor is to be easily deduced from the terms of the contract into which the subscriber has entered. Wherever, as in this case, there is no express promise to pay which is separable from the contract as an entirety, and the paper states the amount of the capital stock and the number of shares into which it is to be divided, the plaintiff before he can recover must prove a bona fide subscription to the total amount of the capital named in the agreement. Like all conditions contained in contracts between parties, it, of course, may be the subject of.a waiver. A party may expressly agree not to take advantage of what he may have the legal right to assert, or he may do those things by which he will be estopped to insist on the condition, and in either event be legitimately adjudged to have waived it. No proof was made in this case rendering this principle applicable. No express waiver was proven, nor can one be implied from what Sopris did in the meeting whereat the company was organized. He did not subscribe to the stock at that meeting as did the others, nor was his action of that description essential to create an estoppel. It is doubtful if he participated in the organization, voted for the election of the directors, or did anything which would *197 indicate a purpose on his part to assent to the carrying on of the enterprise otherwise than according to the terms of the original agreement. It has been held in Curry Hotel Co. v. Mullins, 53 N. W. Rep. 360, that a waiver cannot he predicated upon what is done' by a party at a time antedating the actual organization of the corporation. This principle need not be invoked to relieve the defendant Sopris. What the plaintiffs proved would not he sufficient to warrant the application of the principle of waiver.
The conclusion and judgment of the trial court that Sopris was not liable accord with the law, and they will accordingly be affirmed.

Affirmed.